RECEIVED
IN ALEXANDRIA, LA.

JUL 3 1 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WESLEY J. BLANCHARD, SR. AND PATRICIA BLANCHARD | : | DOCKET NO. 09-352 |
| VS. | : | JUDGE TRIMBLE |
| FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE CO., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant Rule 12(b)(6)" (doc. #8) filed by defendant, Capital One Bank, N.A. ("Capital One") wherein the mover seeks to have the claims asserted against it dismissed because Plaintiffs have failed to state a claim against Capital One upon which relief can be granted. Plaintiffs have filed no opposition to the motion. For the following reasons, the motion will be granted.

## FACTUAL STATEMENT

In their petition for damages, Plaintiffs allege that they obtained two flood insurance policies for a mobile home and a separate structure through Insurance Unlimited of Louisiana, Inc. which was issued by Fidelity National Property and Casualty Company ("Fidelity"). These policies remained in effect until April 10, 2008 when one of the policies was canceled for non-payment. One of the renewal notices (for the property located on 7529A Ling Rd. Lake Charles, LA 70605) was sent to 7529A Ling Rd. and payment was timely remitted. However, the other policy was mailed to 7529B Ling Rd. which had no mail receptacle, thus it was returned to the post office. Plaintiffs alleged they never received the notice for renewal, thus they did not remit payment.

Fidelity also sent the renewal notices and expiration notices to defendants, Insurance Unlimited of Louisiana, Inc.("Insurance Unlimited") and Capital One. Plaintiffs allege that neither Insurance Unlimited, nor Capital One attempted to contact them to inform them that the flood insurance coverage was about to be canceled for non-payment of the premiums on the structure identified in the policy as located at 7529B Ling Rd.

On or about September 13, 2008, Plaintiffs suffered flood damage from Hurricane Ike estimated to be $29,000.00 to the structure identified as 7529B Ling Rd. A claim was subsequently filed with Fidelity. Shortly thereafter, Plaintiffs were informed that there was no flood insurance coverage and that the policy had been canceled for non-payment.

Plaintiffs allege that they sent an electronic notice of their correct mailing address of 125 Borne Lane, Lake Charles, LA 70607 to Fidelity in February 2008. However, only one policy file was changed (the property located at 7529A Ling Rd.), and the renewal notice forwarded to the Borne street address.

Defendant, U.S. Small Business Administration ("SBA"), holds a first mortgage on the property and Capital One holds a second mortgage on the property located at 7529 Ling Road. Plaintiffs assert that even though the SBA and Capital One received notice of the flood policy cancellation, they made no attempt to contact plaintiff regarding the cancellation.

Plaintiffs allege that Fidelity and Insurance Unlimited are liable to them for damages for their failure to comply with Louisiana Revised Statute 22:1335.[1] The complaint is vague as to the specific

---

[1] LSA-R.S. 22:1335 provides in pertinent part the following:

A. An insurer that has issued a policy of homeowners' insurance shall not fail to renew the policy unless it has mailed or delivered to the named insured, at the address shown in the policy, written notice of its intention not to renew.

2

cause of action Plaintiffs are asserting against defendant, Capital One, other than the facts alleging that Capital One failed to notify Plaintiffs that the flood insurance was being or had been cancelled for non-payment.

## 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[2] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[3] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[4] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[5] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[6] "Legal conclusions masquerading as factual conclusions will not

---

[2] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(per curiam) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[3] *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

[4] *Oppenheimer v. Prudential Securities, Inc.* 94 F.3d 189, 194 (5th Cir. 1996).

[5] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

[6] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

suffice to prevent a motion to dismiss."[7] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[8]

## LAW AND ANALYSIS

The National Flood Insurance Act ("NFIA") authorizes the federal government to establish a National Flood Program. Subsequent legislation required flood insurance for loans secured by improved real estate within Special Flood Hazard Areas ("SFHA") and lending institutions are required to determine whether a property is located in an "SFHA".[9] The alleged cause of action against defendant, Capital One as a mortgage holder, is for failure to notify plaintiffs of cancellation of the flood policy after Capital One received said notice.

Capital One maintains that there is no federal or state law duty imposed on Capital One to notify plaintiffs in this case that flood insurance was cancelled for non-payment citing numerous cases including a case decided by the undersigned[10] as well as other cases which have reached similar results.[11] Plaintiffs have failed to provide this Court with any authority to support its position that

---

[7] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[8] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[9] 42 U.S.C. § § 4104a and 4012a(b)(1); 42 U.S.C. § § 4001-4129 (2006).

[10] See *Barras v. Community Home Loans, L.L.C.*, 2007 WL 165213 (W.D. La. Jan. 18, 2007)( holding that the National Flood Insurance Program, amended by the Flood Disaster Protection Act (the "Act") does not create a private cause of action for borrowers for alleged inaccurate flood determination, either against regulated lenders or flood determination companies).

[11] *Duong v. Allstate Ins. Co.*, 499 F.Supp.2d 700 (E.D. La. 2007); *Whitfield v. Countrywide Home Loans, Inc.*, 2007 WL 1200829 (E.D. La. 2007); *Till v. Uniferst Federal Savings and Loan Association*, 653 F.2d 152 (5th Cir. 1981)(holding that the Federal Flood

4

Capital One, as the mortgage lender, had a duty to notify them of the cancellation of the policy, nor is this Court aware of any such duty.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing with prejudice, defendant, Capital One Bank, N.A.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of July, 2009.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

Insurance statutes implied no private right of action which the plaintiff could assert).