RECEIVED
IN ALEXAN~ ~ ~A, LA.

riAY – 5 2010

TON _____ ~RK
BY _____    ~ry

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WESLEY J. BLANCHARD, SR. AND PATRICIA BLANCHARD | : | DOCKET NO. 09-352 |
| VS. | : | JUDGE TRIMBLE |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #26) filed by defendant, Fidelity National Property and Casualty Insurance Company ("Fidelity") wherein the mover seeks to have the claims made against it dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56(c). Fidelity maintains that Plaintiffs are not entitled to recover any U.S. Treasury benefits because prior to Hurricane Ike making landfall, Plaintiffs' Standard Flood Insurance Policy (SFIP) expired due to non-payment of the renewal premium. Fidelity further maintains that Plaintiffs are not entitled to recover benefits because they failed to submit a sworn proof of loss in support of their claim as required by Articles VII(J)(3) and VII(J)(4)(f) of the SFIP. Finally, Fidelity submits that Plaintiffs' state law claims must be dismissed because they are preempted by federal law, and Plaintiffs' claim for interest must be dismissed because interest is not allowed in claims arising out of the National Flood Insurance Program ("NFIP").

## FACTUAL STATEMENT

Plaintiffs own two buildings, a trailer and an apartment, located at 7529 Ling Road, Lake

Charles, La. 70601.[1]  The trailer was Plaintiffs' principal residence until approximately November 2006; the apartment was rental property.[2]  In April 2006, the Small Business Association required Plaintiffs to place flood insurance on both structures as a condition of a mortgage.[3]

On April 11, 2006, Mr. Blanchard applied for a Standard Flood Insurance Policy ("SFIP") on the structures.[4]  Because they were two separate structures, two separate policies were required as well as two separate addresses.[5]  At the suggestion of Fidelity's agent, the mailing address for the trailer was listed as 7529A Ling Rd., Lake Charles, La. 70601, and the mailing address for the apartment was listed 7529B Ling Rd., Lake Charles, La. 70601.[6]  Upon receipt of the application and the premium payment, two separate SFIPs were issued for the properties, effective April 21, 2006 through April 21, 2007.[7]  Even though the two structures had two separate mailing addresses, there was only one mail receptacle at Plaintiffs' property.[8]

In late 2006, Plaintiffs moved from 7529 Ling Rd. to 125 Borne Lane in Lake Charles. Plaintiffs filed a change of address with the United States Post Office.  On February 19, 2008, Fidelity received a notice from the Post Office of a request for a change of address for *7529* Ling

---

[1] Defendant's exhibit 2, Wesley Blanchard depo., pp.9-10.

[2] *Id.*

[3] *Id.,* at pp. 27-28.

[4] *Id.* pp. 27-30; Defendants' exhibit 4; Defendants' exhibit 5.

[5] Plaintiffs' Statement of Material Facts, ¶ 3.

[6] Defendants' exhibit 2, Blanchard depo. pp. 29-30; Defendants' exhibits 5 and 6.

[7] Defendants' exhibits 7 and 8.

[8] Plaintiffs' Statement of Material Facts, ¶ 4.

2

Rd.[9]  The mailing address for *7529A* was changed on the SFIP to the Borne address; the mailing address for *7529B* Ling Rd. was not changed.[10]

On November 30, 2006, at the request of Plaintiffs, the SFIP for the apartment with a mailing address of 7529B Ling Rd. was revised in order to add an additional mortgagee.[11]  The Notice of Revised Declarations was mailed to the 7529B Ling Rd. address.  Fidelity received no correspondence from the Post Office that the mail was undeliverable.[12]

On February 12, 2007, Fidelity mailed a renewal notice for the apartment to the 7529B Ling Rd. address.[13]  Again, Fidelity received no correspondence that the notice was undeliverable.[14] Fidelity mailed the declaration's page on April 5, 2007, with effective dates of April 10, 2007 through April 10, 2008, for the apartment to the 7529B Ling Rd. Address.[15] The correspondence was not returned to Fidelity as undeliverable.[16]

On February 14, 2008, Fidelity mailed a copy of a Renewal Notice for the apartment to the 7529B Ling Road address.[17] The document was not returned as undeliverable.  On March 26, 2008,

---

[9] Defendant's Statement of Material Facts, ¶ 16; Defendants' exhibit 8.

[10] *Id.*

[11] Defendant's exhibits 8 and 10.

[12] Defendant's exhibit 8.

[13] Defendant's exhibits 8 and 11.

[14] *Id.*

[15] Defendant's exhibits 8 and 11.

[16] Defendant's exhibits 8 and 12.

[17] Defendant's exhibits 8 and 13.

3

Fidelity mailed a copy of a Renewal Reminder Notice to the 7529B Ling Road address and again, no document was returned to Fidelity as undeliverable.[18]

On April 10, 2008, Fidelity mailed an Expiration Notice to the 7529B Ling Road address; no document was returned as undeliverable.[19]   The SFIP for 7529B Ling Road lapsed on April 10, 2008 because the premium payment was not received by Fidelity.[20]

On September 18, 2008, the apartment located at 7529B Ling Road was flooded as a result of Hurricane Ike.  On November 18, 2008, Plaintiffs forwarded a premium payment to Fidelity for the SFIP in an attempt to resurrect the lapsed policy.[21]  Fidelity cashed the check, but later attempted to refund the amount of the check.[22]  Plaintiffs refused to accept the refund and demanded that the SFIP be renewed.[23]  After Fidelity refused Plaintiffs' request, this suit followed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[24]  A fact is "material" if its existence or

---

[18]  Defendant's exhibits 8 and 14.

[19]  Defendant's exhibit 8 and 15.

[20]  Defendant's exhibit 8.

[21]  Defendant's exhibit 16.

[22]  Plaintiffs' Statement of Material Facts, ¶ 8.

[23]  *Id.*

[24]  Fed. R.Civ. P. 56(c).

4

nonexistence "might affect the outcome of the suit under governing law."[25]    A dispute about a

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

non-moving party.[26] As to issues which the non-moving party has the burden of proof at trial, the

moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

moving party's claim."[27] Once the movant makes this showing, the burden shifts to the non-moving

party to set forth specific facts showing that there is a genuine issue for trial.[28] The burden requires

more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must

demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material

fact or law.[29]  There is no genuine issue of material fact if, viewing the evidence in the light most

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[30]

If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted."[31]

## LAW AND ANALYSIS

Fidelity maintains that because Plaintiffs failed to pay their renewal premium, the policy had

lapsed when the hurricane struck and the flood damage occurred.  Plaintiffs submit that they had

---

[25] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[26] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[27] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[28] *Anderson,* 477 U.S. at 249.

[29] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[30] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[31] *Anderson,* 477 U.S. at 249-50.

filled out the proper forms with the United States Postal Office which should have put Fidelity on notice of their change of address, and that Fidelity failed to make the necessary change regarding their new mailing address.  There is no dispute that Plaintiffs did not notify Fidelity of the change of address.

Plaintiffs' claims involve the National Flood Insurance Program (NFIP), which Congress created to provide insurance coverage at or below actuarial rates.[32] FEMA operates the program, and it is supported by the federal treasury.[33]  Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write-Your- Own" ("WYO") companies.[34] The terms and conditions of all federal flood insurance policies, including the policy issued to Plaintiffs are fixed by FEMA.[35]  Policies must be issued in the form of a Standard Flood Insurance Policy and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. [36]  Fidelity issued the policy to Plaintiffs as a WYO company. By statute, WYO companies are fiscal agents of the United States.[37]

Any disputed claims under the SFIP or the handling of the claims under the flood policy is governed exclusively by the flood insurance regulations issued by FEMA, the NFIA, and federal

---

[32] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998)

[33] *Id.*

[34] *Id.*

[35] *Gowland,* 143 F.3d at 953.

[36] 44 C.F.R. § § 61.4(b), 61.13(d).

[37] 42 U.S.C. § 4071(a)(1).

6

common law.[38]  Claims relating to coverage under SFIPs issued by WYO companies are "actions for federal funds" and allegations concerning the handling of claims against flood insurance policies arise under the NFIP and are preempted by federal law.[39]

*Policy renewal*

The provision of an insurance policy issued pursuant to a federal program must be strictly construed and enforced.[40]  The SFIP requires that the insured furnish accurate information.[41]  Fidelity submits that it is undisputed that it issued all correspondence to Plaintiffs at the address listed by them on the application for flood insurance – 7529B Ling Road, Lake Charles, Louisiana.  It is also undisputed that at no time did the insured or their agent ever contact Fidelity to inform them that the address was incorrect or to advise Fidelity of a new mailing address for the 7529B Ling Road SFIP.  Therefore, Fidelity maintains that it was the duty of the insureds to notify Fidelity of any inaccuracy or any change of address as listed on the application and subsequent declaration pages.

Plaintiffs submit that it is undisputed that Fidelity received notice from the U.S. Post Office of a request of change of address for 7529 Ling Road on February 19, 2008.  Plaintiffs argue that had Fidelity used any sort of due diligence, Plaintiffs would have received the proper notices and paid their premiums.  The Court disagrees.  While Fidelity did receive notice of the change of address for the 7529 Ling Road property, it is undisputed that Fidelity did not specifically receive notice of a change of address for the 7529B Ling property. It is also undisputed that the original application

---

[38] 44 C.F.R. Pt.61, App.A(1), Article IX.

[39] See 44 C.F.R. Pt. 61, App.A(1), Article IX.

[40] *Gowland,* 143 F.3d at 954.

[41] SFIP article 1(3).

7

submitted listed 7529B Ling Rd. as the proper address.  Fidelity continued to send correspondence concerning the apartment to that specific address; none of the correspondence was returned to Fidelity as undeliverable.  Accordingly, because Plaintiffs failed to pay the premium on the property, the policy lapsed as of April 10, 2008.  Thus, there was no coverage under the SFIP.

*Proof of loss*

Fidelity also maintains that the claims against it should be dismissed because it is undisputed that Plaintiffs failed to submit a timely signed and sworn Proof of Loss as required by Article VII(J)(4) of the SFIP.  Plaintiffs maintain that it would have been a vain and useless act to present a proof of loss to Fidelity because they were informed that the policy had lapsed for non-payment.

In *Gowland, supra* the court held that the federal judiciary was without power to order a disbursement of funds under an SFIP issued by a private insurance company where the proof of loss requirement had not been complied with by the insured.  In so doing, the *Gowland* court recognized that theories of substantial compliance, waiver and equitable estoppel are inapplicable in situations that involve the NFIP which is federally subsidized.  In addition to *Gowland,* the Fifth Circuit has consistently held that the proof of loss requirement must be strictly construed and that failure to do so bars recovery.[42]  Accordingly, even if this Court had found that a genuine issue of material fact existed for trial, because the proof of loss requirement has not been met in accordance with the terms of the SFIP, the claims against Fidelity must be dismissed for lack of compliance.

---

[42] *Wright v. Allstate Ins. Co.,* 415 F.3d 384 (5th Cir. 2005); *Richardson v. American Bankers Ins. Co. of Florida,* 279 Fed.Appx. 295 (5th Cir. 2008); *Merseilles Homeowner's Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053 (5th Cir. 2008); *Wientjes v. American Bankers Ins. Co. Of Fla.,* 2009 WL 2391407 (5th Cir. 2009); *Chaddick v. Allstate Ins. Co.,* 2009 WL 455183 (W.D. La. 2009); See also *Office of Personnel Mgmt. v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465 (1990).

8

*Extra-contractual claims*

Plaintiffs have also asserted state law based extra-contractual claims against Fidelity as well as a claim for interest. The state law claims shall also be dismissed because they are preempted by the National Flood Insurance Act.[43] Finally, Plaintiffs' claims for interest must be dismissed because interest is not allowed in claims arising out of the NFIP.[44]

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice, all claims asserted by Plaintiffs against Defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of May, 2010.

James Hundly
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[43] *Wright v. Allstate Ins. Co.,* 415 F.3d 384 (5th Cir. 2005); *Gallup v. Omaha Property and Cas. Ins. Co.,* 434 F.3d 341, 342 (5th Cir. 2005).

[44] *In re Estate of Lee,* 812 F.2d 253 (5th Cir. 1987).